IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY,

JUNE TERM, 1887.

---

HERBERT W. KNIGHT v. THE CHOSEN FREEHOLDERS OF
OCEAN COUNTY.

1. By the proper construction of the acts of 1871 and 1874, relating to
   stenographic reporters, the Circuit judge, in his discretion, may fix
   the compensation of such officer for attendance and transcript of pro-
   ceedings furnished by the order of the court.
2. The re-enactment of a law in the late Revision does not, *ipso facto*, in
   any respect, change the efficacy of such law.

---

On case certified by the judge of the Circuit Court of the
county of Ocean.

Argued at February Term, 1887, before BEASLEY, CHIEF
JUSTICE, and Justices DEPUE, SCUDDER and REED.

For the plaintiff, *Frank Bergen.*

For the defendant, *I. W. Carmichael.*

485

Knight v. Freeholders of Ocean.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. By a statute enacted in the year 1871, the judge of the Circuit Court in the several counties of the state was authorized to employ a stenographer, who was required to attend all trials in said Circuit Court and in the Court of Oyer and Terminer, and to record *verbatim* all the evidence and proceedings, and, when requested, to make and furnish true reports thereof to the judge and to each party in the cause. The provision for the payment of such services was as follows: "The compensation of such reporter shall not exceed ten dollars per day, which sum shall be paid by the board of chosen freeholders of said county, on the certificate of said judge as to the number of days upon which he shall be employed, provided that such reporter shall, for reports of evidence and other proceedings by him furnished, be paid by the party in such cause requesting the same, at the rate not to exceed ten cents per one hundred words."

This law was inserted, without alteration, in the last Revision of the laws, being re-enacted as a part of that code on March 27th, 1874. On this same day another act was approved regulative of this subject, the pertinent clause being in these words, viz.: "That the compensation of the stenographer now appointed, or hereinafter appointed, in the several courts of this state for attendance in said courts and for transcripts of proceedings of said courts when furnished by order of the court, shall be fixed by the Circuit judge of the said court and paid by the county collector of the county in which the said court is held, upon the certificate of the said judge that such service has been performed by the said stenographer." The act contains a repealer of all previous inconsistent legislation. *Pamph. L.* 1874, *p.* 113.

It is obvious from this collation of these statutes that their provisions, touching the matter of present inquiry, are largely inconsistent. The former act directs the stenographer to be paid at a fixed rate for his attendance, his recording the evidence and proceedings and furnishing a copy of the

same to the court, while the latter law provides that for such attendance and for furnishing transcripts of his record of the proceedings, when furnished by order of the court, he shall be paid by the county collector such compensation as shall be fixed and certified by the Circuit judge. The question therefore arises which of these two acts is to have the predominance.

It is claimed by the counsel of the county that the two acts above referred to were concurrently passed by the legislature, and that by their true construction it must be held that the statute which originated in the year 1874 was repealed by the re-enactment in the Revision of the law of 1871. But this view cannot be adopted. If the two statutes are to be regarded as having been simultaneously enacted, it is the enactment having the widest scope that must be taken as the exponent of the legislative will. The statute of 1871 prescribed the amount of compensation for the services of the stenographer, but the act of 1874 invested the Circuit judge with authority, at his discretion, to fix the emoluments of that office. Regarding these two statutes as concurrent, the effect would be to give to the stenographer the statutory compensation unless the judge intervened and established a different rate of perquisites. It is not practicable to construe such conjoint legislation in any other mode.

There are other considerations leading to the same result. The original act of 1874 was manifestly intended to be a modification of the law of 1871, and the re-enactment of the latter act in 1874 as a part of the Revision could not affect this statutory *status*. It has been more than once decided by this court that the incorporation of the existing laws into the body of the revised laws in an unmodified form, does not give to such re-enacted laws the force of original laws passed at the date of the revised laws. Such laws were re-enacted with no purpose of giving to them any new efficacy, but simply to the end of bestowing upon their re-arrangement a legislative sanction. The laws so adjusted are not to be deemed to have acquired any different efficacy from that possessed by them in

their original condition. As has been said, it was the obvious purpose of the statute of 1874 to modify the act of 1871, and when the latter law was incorporated in the Revision and in that form was re-enacted, such re-enactment did not release it from the modification which it had undergone.

There does not appear any other view to be taken of this matter that will harmonize the legislative action with a consistent design, for it would seem to be entirely unreasonable to suppose that the law makers, by the act of 1874, modified the act of 1871 and at the same time re-enacted the former act in the completeness of its original force. This would be for the legislature, *uno flatu*, to pass a law and to abrogate it. The true hypothesis is, as already suggested, that the re-enactment of the law of 1871 in the Revision left it subject to the modifying control of the act of 1874, the result being that the compensation of the stenographer, in the absence of the intervention of the Circuit judge, is regulated by the clauses in the primary act, but that it is competent for such judge to alter those rates at his discretion, and to order him to be paid for such of his services as by the original act were to be compensated for by his *per diem*.

The Circuit judge will be advised that he has the legal power to make the allowance in question if, under the circumstances, he shall deem it reasonable so to do.